MARYANNE SAGEVICK et al., Respondents, v SANTA SANCHEZ, Defendant, and CITY OF NEW YORK, Appellant. [644 NYS2d 318]

The plaintiff Maryanne Sagevick was allegedly injured when she tripped and fell on a defective sidewalk. She requested information from the New York City Department of Transportation as to whether any defect in the sidewalk had been reported. Based on the most recent map filed by Big Apple Pothole & Sidewalk Protection Corporation (hereinafter Big Apple), the Department of Transportation responded that there was no record of any defect.

The injured plaintiff and her husband subsequently commenced this action against only the owner of the property

abutting the sidewalk. After the Statute of Limitations had expired, the plaintiffs learned that an earlier Big Apple map had been filed which indicated a defect in the sidewalk and they then served an amended complaint adding the City of New York (hereinafter the City) as a defendant. In its answer, the City asserted the Statute of Limitations and failure to state a cause of action as affirmative defenses. The Supreme Court granted the plaintiffs' motion to strike those defenses, concluding that the City was equitably estopped from asserting the Statute of Limitations as a defense since it had negligently misinformed the plaintiffs that it had no notice of any defect.

The court properly dismissed the affirmative defense of failure to state a cause of action because, in this Judicial Department, such a defense cannot be interposed in an answer *(see, Guglielmo v Roosevelt Hosp. Staff Hous.,* 222 AD2d 403). The court erred, however, in concluding that the City was estopped from asserting a Statute of Limitations defense.

Where a municipality acts wrongfully or negligently, inducing reliance by a party to his or her detriment or prejudice, the municipality may be estopped from asserting a defense which otherwise could have been raised *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *Boeckmann & Assocs. v Board of Educ.,* 207 AD2d 773, 776). However, here, the City's response to the plaintiffs' inquiry, based on the most recently-filed Big Apple map, was not wrongful or negligent *(see, Katz v City of New York,* 87 NY2d 241). Further, the information sought by the plaintiffs was readily available from Big Apple *(see, Katz v City of New York, supra),* which apparently also informed them that there was no record of any defect.

Since a motion to dismiss an affirmative defense searches the record *(see, Saler v City of New York,* 96 AD2d 583) and the plaintiffs' claims against the City are clearly time barred, we dismiss the complaint and any cross claim insofar as asserted against the City. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.