■ HILARY R. GORENSTEIN, Respondent, v DEBRALAURIE REALTY COMPANY, INC., Appellant. [720 NYS2d 843] —In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Dillon, J.), dated March 3, 2000, as granted that branch of the plaintiff's cross motion which was for summary judgment on her cause of action for specific performance of the contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established her entitlement to judgment as a matter of law on her cause of action for specific performance of the contract, and the defendant failed to raise a material issue of fact requiring a trial. The parties entered into an agreement for the sale of real property. Contrary to the defendant's contention, all of the essential terms of the agreement were provided, including the identification of the parties, the subject matter, a description of the property, and the selling price. Further, the record is devoid of any indication, beyond the defendant's conclusory assertions, that the plaintiff reopened negotiations with respect to a material term of the agreement. Accordingly, the Supreme Court properly found that the agreement was an enforceable contract (*see, Marder's Nurseries v Hopping,* 171 AD2d 63, 68; *Jill Real Estate v Smyles,* 150 AD2d 640).

Insofar as the defendant raises another claim as a basis for denying the plaintiff's motion for summary judgment, that claim is raised for the first time on appeal and is not properly before this Court (*see, Ciesinski v Town of Aurora,* 202 AD2d 984; *Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561).

The plaintiff's request that sanctions pursuant to 22 NYCRR 130-1.1 (c) (1) and (3) be imposed against the defendant is denied, as the conduct at issue does not amount to frivolous conduct as defined therein (*see, Ain v Glazer,* 216 AD2d 428, 429). O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.