■ BARBARA DINI, Appellant, v IMPERIAL WORKWEAR SERVICES, INC., Respondent. [751 NYS2d 297] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated February 26, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was injured after she tripped and stumbled over a "ridge" in a floor mat located in the front vestibule of the hospital where she worked. The defendant supplied the mat to the hospital pursuant to an oral agreement whereby the defendant would pick up dirty mats and replace them with clean mats on a weekly basis. The defendant did not have any responsibility for the maintenance or inspection of the hospital's premises. The plaintiff alleged that the ridge in the mat constituted a dangerous condition which was caused by the defendant's improper storage and placement of the mat.

While liability can be predicated upon a showing that the defendant created a dangerous condition upon the hospital's property (*see Finley v Weill,* 264 AD2d 438; *Phillips v Seril,* 209 AD2d 496), the defendant demonstrated its entitlement to summary judgment by establishing that the record contained no evidence that the alleged ridge existed before the plaintiff's accident, or that it caused the alleged ridge.

In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557).

In light of the foregoing, we need not reach the issue of whether the alleged defect was trivial in nature. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.