■ CLARA GRALNIK, Appellant, v BRIGHTON BEACH ASSOCIATES, LLC, et al., Defendants, and OLYMPIA MECHANICAL PIPING & HEATING CORP., Respondent. [770 NYS2d 633]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated October 3, 2002, as granted the motion of the defendant Olympia Mechanical Piping & Heating Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Olympia Mechanical Piping & Heating Corp. (hereinafter Olympia) established its entitlement to judgment as a matter of law by adducing evidence that it did not negligently install a toilet in the plaintiff's apartment approximately 4$^1$/$_2$ years before her accident (*see Dini v Imperial Workwear Servs.,* 300 AD2d 279 [2002]). In opposition to Olympia's prima facie showing, the plaintiff failed to establish the existence of a triable issue of fact. The Supreme Court providently exercised its discretion in rejecting the affidavit of a purported expert proffered by the plaintiff, since the plaintiff failed to identify the expert in pretrial disclosure, and served the affidavit after filing a note of issue and certificate of readiness attesting to the completion of discovery (*see Dawson v Cafiero,* 292 AD2d 488, 489 [2002]; *Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]; *Mankowski v Two Park Co.,* 225 AD2d 673 [1996]). In any event, the affidavit, which relied upon facts contradicted by the record, and which was speculative and conclusory, did not raise a triable issue of fact (*see Murphy v Conner,* 84 NY2d 969, 972 [1994]; *Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]; *Maggiotta v Walsh,* 306 AD2d 447 [2003]).

We do not reach the plaintiff's remaining contention, which was raised for the first time on appeal (*see Gorenstein v Debralaurie Realty Co.,* 280 AD2d 642 [2001]).

The Supreme Court thus properly granted Olympia's motion for summary judgment. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.