■ ALTER YITZCHOK ELIMELICH SAFRIN et al., Appellants, v DST RUSSIAN & TURKISH BATH, INC., et al., Respondents. [791 NYS2d 443]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings

County (Jackson, J.), dated September 22, 2003, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated March 23, 2004, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated September 22, 2003, is dismissed, as that order was superseded by the order dated March 23, 2004, made upon reargument; and it is further,

Ordered that the order dated March 23, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law by establishing the absence of a dangerous or defective condition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). In opposition thereto, the plaintiffs failed to establish a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The Supreme Court providently exercised its discretion in rejecting the affidavit of the purported expert proffered by the plaintiffs, since they failed to identify the expert in pretrial disclosure, and served the affidavit, which was elicited solely to oppose the defendants' motion for summary judgment, after filing a note of issue and certificate of readiness attesting to the completion of discovery (see Gralnik v Brighton Beach Assoc., 3 AD3d 518 [2004]; Dawson v Cafiero, 292 AD2d 488, 489 [2002]).

The Supreme Court providently exercised its discretion in adhering to its prior determination since the plaintiffs failed to establish that it overlooked or misapprehended the facts or law, or for some other reason mistakenly arrived at its earlier determination.

The plaintiffs' remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.