■ BEREL JACOBOWITZ, Appellant, v ERNEST LEAK, Respondent. [798 NYS2d 67]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 14, 2004, as (1) denied his motion for summary judgment and to strike the two affirmative defenses interposed in the defendant's answer, and (2) granted that branch of the defendant's cross motion which was for leave to amend his answer to assert an additional affirmative defense.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to strike the affirmative defenses and substituting therefor a provision granting that branch of the motion, and deleting the provision thereof granting that branch of the cross motion which was for leave to amend the answer to assert an additional affirmative defense and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Contrary to the plaintiff buyer's contention, the Supreme Court properly denied that branch of his motion which was for summary judgment on the complaint. In support of his motion for summary judgment, the plaintiff produced a contract of sale between the parties dated "September —, 2002" which contained no provision indicating that time was of the essence. Approximately six months after the closing date fixed in the contract passed, and approximately one month after the defendant seller requested that the plaintiff set a closing date, the plaintiff scheduled a closing date and advised the defendant that time was of the essence. After that scheduled closing date passed without any activity, the plaintiff scheduled another closing date and again advised the defendant that time was of the essence. The plaintiff appeared at the scheduled time and place of the closing with a bank check for the purchase price pursuant to the contract, but the defendant did not appear. In light of these circumstances, the plaintiff made a prima facie showing that he made a sufficient demand for performance entitling him to specific performance of the contract (see *Guippone v Gaias*, 13 AD3d 339 [2004]; *Moray v DBAG, Inc.*, 305 AD2d 472 [2003]; cf. *Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]).

In opposition to the motion, the defendant submitted a second contract between the parties dated September 9, 2002, which contained similar but not identical terms for the sale of the subject property. Although both contracts contained standard merger clauses, it cannot be determined from this record which of the two contracts was executed later. As such, an issue of fact

exists as to which contract was valid, existing, and enforceable. Since specific performance cannot be granted as a matter of law unless there is a validly existing contract for which to compel performance (*see generally Gorenstein v Debralaurie Realty Co.*, 280 AD2d 642 [2001]), the plaintiff cannot be awarded specific performance until it is determined which of these contracts is valid. Accordingly, that branch of the plaintiff's motion which was for summary judgment was properly denied.

However, the Supreme Court erred in denying that branch of the plaintiff's motion which was to strike the defendant's two affirmative defenses. In his first affirmative defense, the defendant asserted that he was never served with the summons in this case. Since the defendant failed to move to dismiss on the ground that he was never served with a summons within 60 days of serving his answer, he waived this defense (*see* CPLR 3211 [e]; *Dimond v Verdon*, 5 AD3d 718, 719 [2004]). In his second affirmative defense, the defendant asserted that "the complaint is defective on its face." We can only presume that the defendant intended this as an assertion that the complaint failed to state a cause of action. Such an affirmative defense must be raised by motion and cannot be interposed in an answer (*see* CPLR 3211 [a] [7]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]; *Sagevick v Sanchez*, 228 AD2d 488, 489 [1996]; *Guglielmo v Roosevelt Hosp. Staff Hous. Co.*, 222 AD2d 403, 404 [1995]).

The Supreme Court also erred in granting that branch of the defendant's cross motion which was for leave to amend his answer to assert an additional affirmative defense. According to his attorney's affirmation submitted in support of his cross motion, the affirmative defense the defendant sought to add was, in effect, that the September 9, 2002, contract was a "30 Day Contract," and when the closing did not occur by the fixed closing date of October 10, 2002, the defendant was under no further obligation to sell the property to the plaintiff.

Pursuant to CPLR 3025 (b), leave to amend the pleadings shall be freely given at any time. However, where the proposed amendment is palpably insufficient or is totally devoid of merit, leave should be denied (*see Fandy Corp. v Lung-Fong Chen*, 265 AD2d 450 [1999]). Here, the defendant seeks to affix some legal import to the term "30 Day Contract," and suggests that since the September 9, 2002, contract was a "30 Day Contract," time was made of the essence in that contract. Since the contract was not completed by the scheduled closing date of October 10, 2002, the defendant argues that the contract was extinguished and he had no further obligation to sell the property to the

plaintiff. However, the term "30 Day Contract" has no legal significance and it is not even mentioned in the contract. Further, when a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance (*see Grace v Nappa,* 46 NY2d 560 [1979]; *Savitsky v Sukenik, supra*). As such, with no mention in the contract that time was of the essence, the mere fact that the defendant categorizes the contract as a "30 Day Contract" does not support his claim that he was under no further obligation to sell the property after the original scheduled closing date of October 10, 2002. Accordingly, the Supreme Court erred in granting leave to the defendant to amend his answer to add such a patently meritless affirmative defense. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.