■ John DeLeon, Respondent, v State of New York, Appellant. [803 NYS2d 692]—

In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Lack, J.), dated June 24, 2004, which denied its motion for summary judgment dismissing the claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the claim is dismissed.

The claimant was a construction worker employed by a company hired to perform work on the Long Island Expressway (hereinafter the LIE), a roadway owned by the defendant. The claimant was injured when a vehicle operated by a highly intoxicated driver traveled in the wrong direction on a closed section of the LIE, entered the construction zone at a high rate of speed, and struck him. It is unclear precisely how and where the vehicle entered the highway. The claimant subsequently commenced this claim to recover for his injuries, asserting theories of common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The claim alleged that the defendant was liable based on its failure to properly safeguard the construction zone. Following discovery, the defendant moved for summary judgment dismissing the claim on various grounds. The Court of Claims denied the motion. We reverse.

With regard to the claims sounding in common-law negligence and the violation of Labor Law § 200, the defendant satisfied its initial burden on the motion by submitting sufficient evidence demonstrating that the safeguards provided for the construction zone completely conformed to relevant industry standards and practices, and that the defendant was not otherwise negligent in failing to adequately safeguard the construction zone (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the claimant failed to raise a triable issue of fact. The expert affidavit proffered by the claimant as the sole evidence to defeat the motion should have been rejected as he did not identify his expert in pretrial disclosure and served the affidavit after the date on which the note of issue was waived (*see Safrin v DST Russian & Turkish Bath, Inc.*, 16 AD3d 656, 657 [2005]; *Gralnik v Brighton Beach Assoc.*, 3 AD3d 518 [2004]; *Dawson v Cafiero*, 292 AD2d 488, 489 [2002]). Moreover, the

expert affidavit consisted of mere speculative assertions unsupported by adequate foundational facts and accepted industry standards (see *Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Veccia v Clearmeadow Pistol Club*, 300 AD2d 472 [2002]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]).

Similarly, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to Labor Law § 241 (6) by demonstrating that it complied with the Industrial Code provision at issue which did not reasonably require the additional safety measures advocated by the claimant (see *Juncal v W 12/14 Wall Acquisition Assoc., LLC*, 15 AD3d 447, 449 [2005]). Inasmuch as the claimant merely submitted the conclusory affidavit of its expert in opposition, the defendant was entitled to the dismissal of this cause of action.

The defendant also demonstrated that it was entitled to summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) by establishing that the claimant's accident did not involve an elevation-related hazard (see *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489 [1995]), a circumstance which the claimant did not contest. Accordingly, the defendant's motion for summary judgment should have been granted in its entirety.

In view of the foregoing, we need not consider the defendant's remaining contentions. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.