■ ROSE COLON et al., Appellants, v CHELSEA PIERS MANAGEMENT, INC., et al., Defendants, and BASKETBALL CITY NEW YORK, LLC, et al., Respondents. [855 NYS2d 201]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated October 4, 2006, which granted the motion of the defendants Basketball City New York, LLC, and Basketball City, U.S.A., LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In 2002 the plaintiffs' decedent, who was 21 years old, suffered cardiac arrest and died while playing basketball at the premises of the defendants Basketball City New York, LLC, and Basketball City, U.S.A., LLC (hereinafter the defendants). In response to the defendants' demonstration of their entitlement to judgment as a matter of law, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The affidavit of the expert in the field of recreational industry, which was submitted by the plaintiffs solely to oppose the defendants' motion for summary judgment, was not admissible because the plaintiffs failed to identify the expert during pretrial disclosure and served the affidavit after filing a note of issue and certificate of readiness attesting to the completion of discovery (*see Safrin v DST Russian & Turkish Bath, Inc.*, 16 AD3d 656 [2005]; *Gralnik v Brighton Beach Assoc.*, 3 AD3d 518 [2004]). In any event, the expert's conclusory affidavit was insufficient to raise a triable issue of fact as to whether the defendants violated industry custom by failing to provide, among other things, an automatic external defibrillator at their premises (*see Putrino v Buffalo Athletic Club*, 193 AD2d 1127 [1993], *affd* 82 NY2d 779 [1993]). Moreover, the defendants had no statutory duty to provide an automatic external defibrillator or personnel trained in cardio pulmonary resuscitation at the time of this incident. The statute imposing such a duty for a health club (assuming this facility fell within the definition of health club), did not become effective until July 20, 2005 (*see* General Business Law § 627-a).

Additionally, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants worsened the decedent's condition by failing to promptly call for medical assistance (*cf. Butler v New York State Olympic Regional Dev. Auth.*, 292 AD2d 748 [2002]). Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur. [*See* 13 Misc 3d 1221(A), 2006 NY Slip Op 51927(U).]