Order, Supreme Court, New York County (Norma Ruiz, J.), entered on or about January 21, 2011, which, insofar as appealed from as limited by the briefs, dismissed plaintiffs Labor Law § 241 (6) claim as asserted against all the defendants, unanimously modified, on the law, to deny summary judgment dismissing the claim insofar as it is predicated on 12 NYCRR 23-9.5 (c), and otherwise affirmed, without costs.
Plaintiff was riding on the exterior step of a moving backhoe when he fell and the backhoe ran over his left foot. The accident occurred at defendants Purdy Avenue Terminals and Westmore Fuel Company’s (collectively Westmore) fuel tank facility. Westmore had retained defendant Diamondhead Construction & Maintenance Corp. (Diamondhead) to replace a rubber containment lining to prevent soil contamination from fuel leaks. Diamondhead subcontracted plaintiff’s employer to perform the installation work.
The statutory protection of Labor Law § 241 (6) extends to the activity in which plaintiff was engaged at the time of the accident, regardless of whether the backhoe was being brought from storage to the work site for use (see Gherardi v City of New York, 49 AD3d 280 [2008]), or taken away from the work site for storage at the end of the work day (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882 [2003]; Danielewski v Kenyon Realty Co., 2 AD3d 666 [2003]). However, 12 NYCRR 23-9.4 (a) is too general to support a Labor Law § 241 (6) claim *521 (see Robinson v County of Nassau, 84 AD3d 919, 921 [2011]; Brechue v Town of Wheatfield, 241 AD2d 935, 935 [1997], lv denied 94 NY2d 759 [2000]). 12 NYCRR 23-1.7 (b), 23-1.23 (a), 23-9.2 (h) (2), 23-9.2 (i), 23-9.4 (c), 23-9.4 (h) (2) and 23-9.4 (h) (4) are inapplicable to the circumstances here. The exception for “excavating machines used for material hoisting” under 12 NYCRR 23-6.1 (a) bars application of 12 NYCRR 23-6.1 (c) and 12 NYCRR 23-6.1 (i) (see St. Louis v Town of N. Elba, 70 AD3d 1250 [2010], affd 16 NY3d 411 [2011]).
Nonetheless, we find that plaintiff has a claim under 12 NYCRR 23-9.5 (c), in view of plaintiffs testimony that he was not licensed or trained to operate a backhoe, and his foreman’s testimony that plaintiff’s responsibilities entailed primarily excavation work. Such evidence indicates that plaintiff was not part of the “operating crew” and thus, was not authorized to be on the backhoe while it was in motion or operation.
While plaintiff did not allege violation of 12 NYCRR 23-9.2 (b) (1) in his pleadings, he argues that this argument is raised in his expert affidavit. However, the court properly rejected the expert affidavit as inadmissible, given that the affidavit, which was notarized in New Jersey, was lacking a certificate of conformity (see CPLR 2309 [c]), and that plaintiff did not disclose the expert until the filing of his affirmation in opposition, after the note of issue and certificate of readiness had been filed (see CPLR 3101 [d] [1] [i]; Colon v Chelsea Piers Mgt., Inc., 50 AD3d 616 [2008]; Safrin v DST Russian & Turkish Bath, Inc., 16 AD3d 656 [2005]; cf. Baulieu v Ardsley Assoc., L.P., 85 AD3d 554, 555 [2011]). In any event, 12 NYCRR 23-9.2 (b) (1) is a mere general safety standard that is insufficiently specific to give rise to a nondelegable duty under the statute (see Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005 [2009]; Berg v Albany Ladder Co., Inc., 40 AD3d 1282, 1285 [2007], affd 10 NY3d 902 [2008]).
The court also properly denied plaintiffs request to amend the bill of particulars to allege violation of 12 NYCRR 23-9.4 (h) (5) , as such request, made after the note of issue was filed, was untimely and prejudicial (see Reilly v Newireen Assoc., 303 AD2d 214, 218 [2003], lv denied 100 NY2d 508 [2003]; Del Rosario v 114 Fifth Ave. Assoc., 266 AD2d 162 [1999]). Further, the request, made in a footnote in plaintiffs opposition papers, was procedurally defective, as plaintiff was required to serve a notice of cross motion (CPLR 2215). In any event, the provision is inapplicable. Concur — Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.