■ MARVIN GARCIA, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [951 NYS2d 2]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 22, 2010, which, in this action for personal injuries sustained in an inmate-on-inmate assault, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff was injured on April 2, 2003 in an assault by other inmates while he was using an inmate telephone at the Anna M. Kross Center, a correctional facility operated by defendants at Rikers Island. Plaintiff's theory of liability is that the defendants were on actual or constructive notice that the phone was controlled by inmates who belonged to the Bloods gang and that other inmates, such as plaintiff, were at risk of assault if they chose to use the phone. Citing *Sanchez v State of New York* (99 NY2d 247 [2002]), defendants moved for summary judgment on the ground that plaintiff cannot establish that the attack was reasonably foreseeable. Defendants submitted the deposition of a correction officer who responded to the incident and had been assigned to the quad where plaintiff was injured for two years prior to the incident. The officer testified that he had no knowledge of any issues with regard to the use of the phone or gang-related incidents prior to April 2, 2003. The officer's captain, who also responded to the incident, testified that he too was unaware of any problems related to the use of the phone by inmates who were not members of the Bloods. In moving for summary judgment, defendants made a prima facie showing that the attack on plaintiff was not reasonably foreseeable (*see Sanchez*, 99 NY2d at 254).

Plaintiff's opposition failed to raise a triable issue of fact as to whether defendants were negligent. Plaintiff relies upon a report in which a confidential informant, who was interviewed after the assault, was quoted as saying that one week before plaintiff's assault, a member of the Bloods refused to allow another inmate to use the phone and proclaimed it to be the property of the Bloods. In denying defendants' motion, the court below apparently accepted plaintiff's argument that defendants should be charged with the confidential informant's knowledge of this prior encounter. That argument requires the assumption that the confidential informant was acting as defendants' agent when he learned of the prior dispute.* We decline to make that assumption because "where an informer works independently of the [authorities], provides information on his own initiative, and the government's role is limited to the passive receipt of such information, the informer is not, as a matter of law, an agent of the government" (*People v Cardona*, 41 NY2d 333, 335 [1977]). We are persuaded by the Fourth Circuit's reasoning in *Harker v State of Md.* (800 F2d 437 [4th Cir 1986]), where it was held that a prison informant who responded to a general request for information was not a government agent where he was not paid by or acting under the instruction or solicitation of the government (*id.* at 444-445). The record before us provides no basis for an assumption that the confidential informant was acting as defendants' agent at any time prior to plaintiff's assault. We therefore reject plaintiff's argument that there is an issue of fact as to whether defendants had actual or constructive knowledge of the prior incident regarding the phone.

In apparent reliance upon the affidavit of plaintiff's liability expert, the court found an issue of fact as to whether defendants "deviated from appropriate and accepted practice." For reasons that follow, the court should have instead rejected the expert's affidavit outright. Defendants served their demand for expert disclosure in May 2004. Plaintiff never responded to the demand, although the expert had apparently been engaged as of July 31, 2007 when he claims to have inspected the site of the incident. Plaintiff filed a note of issue and certificate of readiness in January 2010. Plaintiff submitted the expert's affidavit in November 2010 in opposition to the instant motion for summary judgment. The expert's affidavit should not have been considered in light of plaintiff's failure to identify the expert during pretrial discovery as required by defendants' demand

* Knowledge acquired by an agent while acting within the scope of his or her authority is presumptively imputed to his or her principal (*Kirschner v KPMG LLP*, 15 NY3d 446, 465 [2010]).

(*see Scott v Westmore Fuel Co., Inc.*, 96 AD3d 520 [2012]; *Colon v Chelsea Piers Mgt., Inc.*, 50 AD3d 616, 617 [2008]). Were we to consider the expert's affidavit, we would find it lacking in probative value because it is not supported by evidence in the record (*see e.g. Gerber Trade Fin., Inc. v Skwiersky, Alpert & Bressler, LLP*, 12 AD3d 286 [2004], *lv denied* 4 NY3d 705 [2005]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.