■ OFELIA RODRIGUEZ et al., Appellants-Respondents, v D & S BUILDERS, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. D-BEST EQUIPMENT CORP., Third-Party Defendant-Respondent. [951 NYS2d 54]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered November 19, 2010, as denied their cross motion for summary judgment on the issue of liability on the Labor Law

§ 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon violations of 12 NYCRR 23-2.1 (a) (1) and (2), and granted those branches of the motion of the defendants third-party plaintiffs and those branches of the cross motion of the third-party defendant which were for summary judgment dismissing the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated upon violations of 12 NYCRR 23-2.1 (a) (1) and (2), and the defendants third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied, as academic, that branch of their motion which was for summary judgment on their third-party cause of action for common-law indemnification, and granted that branch of the cross motion of the third-party defendant which was for summary judgment dismissing that third-party cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants third-party plaintiffs and the third-party defendant, payable by the plaintiffs.

The Supreme Court properly granted those branches of the motion of the defendants third-party plaintiffs, D & S Builders, LLC (hereinafter D & S), and Di Fiore & Sons Custom Woodworking, Inc. (hereinafter Di Fiore), and that branch of the cross motion of the third-party defendant, D-Best Equipment Corp. (hereinafter D-Best), which were for summary judgment dismissing the Labor Law § 240 (1) cause of action, and properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action. D & S, Di Fiore, and D-Best established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs' decedent was not exposed to an elevation-related hazard inasmuch as, at the time the decedent was struck by a bundle of forms, the forms were not being hoisted or secured, and the decedent was working on a flatbed truck at the same level as the bundle of forms (see *Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Whitehead v City of New York*, 79 AD3d 858, 859-860 [2010]; *Novak v Del Savio*, 64 AD3d 636, 638 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825 [2009]; *Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1284-1285 [2007], *affd* 10 NY3d 902 [2008]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 579-580 [2003]; *Tillman v Triou's Custom Homes*, 253 AD2d 254, 257 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the affidavit of their expert was specula-

tive, conclusory, and unsupported by the facts (see *Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]; *DeLeon v State of New York*, 22 AD3d 786, 788 [2005]).

The Supreme Court also properly determined that D & S, Di Fiore, and D-Best were entitled to summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon violations of 12 NYCRR 23-2.1 (a) (1) and (2), and properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that portion of that cause of action. A plaintiff asserting a cause of action under Labor Law § 241 (6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case (see *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]; *Forschner v Jucca Co.*, 63 AD3d 996, 998 [2009]; *Rau v Bagels N Brunch, Inc.*, 57 AD3d 866, 868 [2008]). Here, D & S, Di Fiore, and D-Best demonstrated, prima facie, that 12 NYCRR 23-2.1 (a) (1) does not apply to the facts of this case since the decedent's accident occurred on a flatbed truck, not a "passageway, walkway, stairway or other thoroughfare" (see *Cody v State of New York*, 82 AD3d 925, 928 [2011]; *Barrios v Boston Props. LLC*, 55 AD3d 339, 340 [2008]; *Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260, 260 [2008]; *Castillo v Starrett City*, 4 AD3d 320, 321 [2004]). Additionally, they demonstrated, prima facie, that 12 NYCRR 23-2.1 (a) (2) does not apply to the facts of this case since the decedent was not "beneath" the "edge" of a "floor, platform or scaffold" at the time of the accident. In opposition, the plaintiffs failed to raise a triable issue of fact.

In light of our determination, we need not reach the defendant third-party plaintiffs' alternative argument in support of affirmance, that Di Fiore cannot be held liable for the alleged statutory violations of D & S, the owner of the construction site.

In light of the dismissal of the complaint in the main action, the Supreme Court properly denied, as academic, that branch of the defendant third-party plaintiffs' motion which was for summary judgment on the third-party cause of action for common-law indemnification, and properly granted that branch of D-Best's cross motion which was for summary judgment dismissing that third-party cause of action (see *Hoover v International Bus. Machs. Corp.*, 35 AD3d 371, 372 [2006]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.