■ SHAMEKA WILLIAMS, Respondent, v C&M AUTO SALES COR-PORATION, Appellant, et al., Defendants. [962 NYS2d 131]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered July 19, 2012, which, sua sponte, vacated the note of issue, and denied defendant C&M Auto Corp.'s motion for summary judgment with leave to renew within 60 days of the filing of a new note of issue upon the completion of all necessary discovery with respect to the alleged causative defect in plaintiff's motor vehicle, unanimously modified, on the law, to grant the motion for summary judgment only to the extent of dismissing plaintiff's claim for breach of express warranty, and otherwise affirmed, without costs.

We find that the court providently exercised its discretion in sua sponte vacating the note of issue, pursuant to 22 NYCRR 202.21 (e). Plaintiff, the purchaser of a pre-owned vehicle from defendant C&M Auto, testified that her forensic investigator told her that the accident was caused by the fact that the car was in a previous accident and that the right front tire was never connected to the axle. However, plaintiff's expert's actual finding was that the vehicle revealed the existence of a "twisted rear suspension cross member" which resulted in a rear suspension misalignment that adversely effected vehicle response, both in normal and crash avoidance maneuvers. Although plaintiff failed to submit her expert's findings during pretrial disclosure, which would generally warrant preclusion of the expert affidavit (see Scott v Westmore Fuel Co., Inc., 96 AD3d 520, 521 [1st Dept 2012]), the court cured any prejudice to C&M Auto by vacating the note of issue and affording it the opportunity to conduct further discovery on the alleged causative defect.

We dismiss plaintiff's claim for breach of express warranty since there was no express warranty binding C&M Auto in the contract of sale (see Cayuga Harvester v Allis-Chalmers Corp., 95 AD2d 5, 19 [4th Dept 1983]). The "Limited Warranty" given to plaintiff at the time of the sale specifically provided that such warranty was not applicable to vehicles having mileage in excess of 100,000 miles. Concur—Mazzarelli, J.P. Moskowitz, DeGrasse, Feinman and Clark, JJ.