■ STANISLAW TEREPKA, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. [7 NYS3d 64]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 9, 2013, which, to the extent appealed from as limited by the briefs, granted so much of defendants' motion for summary judgment as sought to dismiss the Labor Law § 240 (1) claim, and denied so much of the motion as sought to dismiss the Labor Law § 241 (6) claim, unanimously modified, on the law, to deny so much of the motion as sought to dismiss the section 240 (1) claim as against defendant City of New York, and to grant so much of the motion as sought to dismiss the section 241 (6) claim against all defendants, and otherwise affirmed, without costs.

Plaintiff seeks damages for back injuries he allegedly suffered in November 2009 while performing exterior masonry

work at a job site in the Bronx. He testified that he was injured while raising a cement-filled bucket from the ground to his position on a scaffold, approximately 20 to 25 feet above ground, with an electrical extension cord, which he was forced to use because defendants did not provide him with the proper equipment to carry the bucket from one elevation to another.

Plaintiff concedes that all claims should be dismissed as against defendants Department of Education and School Construction Authority.

The City failed to establish prima facie that plaintiff's injuries were not caused by the type of elevation-related hazard encompassed by Labor Law § 240 (1), i.e., were not "the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). The inconsistencies between plaintiff's testimony at his General Municipal Law § 50-h hearing and his deposition testimony do not alter our conclusion that the City is not entitled to summary dismissal of the section 240 (1) claim; plaintiff's injuries would fall within the coverage of the statute whether he injured his back while simply raising the cement-filled bucket or while trying to grasp the scaffold to prevent falling off while raising the bucket.

Plaintiff concedes that the provisions of the Industrial Code that he cited in his complaint and bill of particulars are inapplicable and that his Labor Law § 241 (6) claim insofar as it is predicated on those provisions should be dismissed. The remainder of the section 241 (6) claim, predicated on Industrial Code (12 NYCRR) § 23-6.1 (h), should be dismissed because plaintiff did not allege a violation of that provision until he improperly submitted a supplemental bill of particulars six months after the note of issue was filed and without leave of the court (see e.g. Scott v Westmore Fuel Co., Inc., 96 AD3d 520 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief, and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.