**ALEX ABRAMS**, Appellant, v **RELATED**, L.P., et al., Respondents. **KBF RELATED AMSTERDAM PARTNERS**, L.P., Respondent, v **ALEX ABRAMS**, Appellant. [28 NYS3d 366]—

Order, Supreme Court, New York County (George J. Silver, J.), entered June 11, 2015, to the extent it granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs, and appeal from the part of the order that granted petitioner's motion for summary judgment on its claim for unpaid rent, unanimously dismissed, without costs.

In this consolidated toxic tort action and summary proceeding for nonpayment of rent, plaintiff/respondent (Abrams) seeks damages for personal injuries allegedly sustained as a result of a toxic fumes entering his apartment. Abrams alleges that the fumes emanated from DriTac 6200, an adhesive being used by defendant Fernandez Floors to lay down floor tiles, in an adjacent apartment. At the time, the building was owned by defendant KBF Related Amsterdam Partners, L.P. and managed by defendant Related Management Company, L.P., sued herein as Related L.P.

Defendants established prima facie that plaintiff's cause of action has no merit by submitting, inter alia, expert affidavits

stating that multiple chemical sensitivity (MCS) is not a scientifically or medically recognized condition, that a causal connection between MCS and chemical exposure has not been accepted in the scientific community, and that Abrams's level of exposure to chemicals in DriTac 6200 could not have caused his claimed illness (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]; *Spierer v Bloomingdale's*, 43 AD3d 664 [1st Dept 2007], *lv denied* 10 NY3d 705 [2008]; *Oppenheim v United Charities of N.Y.*, 266 AD2d 116 [1st Dept 1999]).

In opposition, Abrams failed to raise an issue of fact. Absent any excuse for noncompliance, his failure to identify his experts during discovery, as required by defendants' demand, warrants rejection of the experts' affidavits (*see* CPLR 3101 [d] [1] [i]; *Garcia v City of New York*, 98 AD3d 857, 858 [1st Dept 2012]). In any event, the experts' opinions lacked probative value since they failed to state that the toxin to which Abrams was allegedly exposed was "capable of causing the particular illness (general causation) and that [Abrams] was exposed to sufficient levels of the toxin to cause the illness (specific causation)" (*Parker v Mobil Oil Corp.*, 7 NY3d at 448).

We are advised that Abrams's appeal from the part of the order that granted petitioner's motion for summary judgment in the nonpayment proceeding has been rendered moot by the involved parties' settlement of the rent arrears issues.

We have considered Abrams's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Webber, JJ.