Verges v Concourse Residential Hotel, Inc. (2020 NY Slip Op 05708)





Verges v Concourse Residential Hotel, Inc.


2020 NY Slip Op 05708


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 305974/08 Appeal No. 12053 Case No. 2019-5021 

[*1]Angel Verges, et al., Plaintiffs-Respondents,
v
Concourse Residential Hotel, Inc., Defendant-Appellant, The City of New York, Defendant.


Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for appellant.
Rubert & Gross, P.C., New York (Soledad Rubert of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 11, 2018, which, inter alia, denied the motion of defendant Concourse Residential Hotel, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Angel Verges was injured when, while descending an interior stairwell in defendant's homeless shelter, he slipped and fell on a milky substance. Plaintiffs alleged that the milky substance was a recurring condition caused by defendant's employees dragging garbage bags down the staircase, which was routinely left unaddressed by defendant.
Defendant submitted affidavits of its building manager and a porter, who both stated that it was defendant's practice to clean the stairwell twice a day, and that the porter cleaned the stairwell on the day of the accident and prior to plaintiff's fall and did not see any debris on the staircase. These affidavits failed to satisfy defendant's prima facie burden as they cannot be considered because defendant only identified those witnesses after it filed its summary judgment motion, despite plaintiffs' prior request to identify all employees with knowledge of the facts and circumstances of the accident and numerous court orders directing defendant to do so (see Garcia v City of New York, 98 AD3d 857, 858 [1st Dept 2012]; Colon v Chelsea Piers Mgt., Inc., 50 AD3d 616, 617 [1st Dept 2008]).
Even assuming that defendant satisfied its initial burden, plaintiffs raised triable issues of fact based on the testimony of plaintiff Maria Verges (Angel's wife) and a nonparty witness that the milky substance was constantly present on the staircase as a result of defendant's employees dragging garbage bags down the stairs, and was a recurring condition that was routinely left unaddressed (see Hill v Lambert Houses Redevelopment Co., 105 AD3d 642, 643 [1st Dept 2013]; Irizarry v 15 Mosholu Four, LLC, 24 AD3d 373, 373-374 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020