■ FRED MILITELLO, Appellant, v 45 W. 36TH ST. REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. ABRUZZO ASSOCIATES CORPORATION, Third-Party Defendant-Respondent. 45 W. 36TH ST. REALTY CORP. et al., Second Third-Party Plaintiffs, v C.J.M. PLUMBING CORP., Second Third-Party Defendant-Respondent. [789 NYS2d 23]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 27, 2003, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying summary judgment dismissing the Labor Law § 241 (6) claim based on Industrial Code (12 NYCRR) § 23-1.7 (e) (2), and otherwise affirmed, without costs.

Plaintiff injured his hand while installing drywall in a room in a building at 45 West 36th Street in Manhattan. He caught

his foot on a pipe protruding from the base of one of several radiators situated, uninstalled, in the middle of the floor, fell forward and, reaching out instinctively to break his fall, grabbed a sharp metal stud in the wall. Plaintiff was employed by third-party defendant Abruzzo Associates Corporation, which was hired by the building owner, defendant Samco Properties, to perform drywall and carpentry work at the building.

At his examination before trial, plaintiff testified that he had cut a piece of drywall, put it under his arm, and taken a few steps toward the wall, when his foot caught on a pipe connected to a radiator. He testified that the radiators were not all in one area but were "spread out across the middle of the room" in several groups of two or three, and not in a straight line, but "scattered back and forth."

Plaintiff's coworker, who had worked in the room two or three days before plaintiff's accident, testified that there were about 10 radiators in three or four sets separated by a few feet. The sets of radiators were not in a straight line, but "fanned out." Each radiator was two feet high, 2½ feet long, and six inches wide, with a pipe 6 or 18 inches long protruding from the base at a level of three inches above the floor. Some of the radiators had pipes protruding from two sides. The coworker said the radiators were difficult to pass for someone working in the room and that he too had tripped over the pipes, several times. He said he had asked the foreman to help him move them out of the room because he was unable to lift them himself, but the foreman said there was no time. The coworker also testified that he "closed this gap between the radiators" and, although he was able to work around them then, he still tripped one more time.

The motion court properly dismissed plaintiff's Labor Law § 200 claim because no issue of fact was raised as to whether defendants exercised supervisory control over the work site (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

Plaintiff's claim under section 241 (6), which imposes nondelegable duties upon owners and contractors (81 NY2d at 502), should not have been dismissed. In support of this claim, plaintiff relied on certain Industrial Code (12 NYCRR) provisions addressing slipping, tripping, storage and lighting hazards. Since there is no evidence that plaintiff fell because of a slippery condition or inadequate lighting, section 23-1.7 (d) and section 23-1.30 do not support his claim. To the extent that the tripping and storage regulations address hazards in passageways, walkways or thoroughfares (§ 23-1.7 [e] [1]; § 23-2.1

[a] [1]), they are likewise inapplicable, since the area in which plaintiff was injured was not a passageway.

However, section 23-1.7 (e) (2) provides: "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

The court found that plaintiff failed to raise an issue of fact as to whether the radiators were "scattered," based on his coworker's testimony that a gap between the radiators had been closed before the accident. However, plaintiff testified that on the day of his accident the radiators were "scattered back and forth" across the middle of the room. Clearly, there is an issue of fact that should be resolved by a jury. Concur—Saxe, J.P., Ellerin, Gonzalez and Catterson, JJ.