■ ROBERT GHERARDI et al., Respondents, v CITY OF NEW YORK et al., Defendants, and HARRIS CORPORATION et al., Appellants. [852 NYS2d 126]—

A contractor's obligation under the statute is only "when constructing," which is defined in 12 NYCRR 23-1.4 as including the same activities enumerated under Labor Law § 240 (1), and plaintiff was not "constructing, demolishing or excavating" because the ramp was not in his work area.

Even if, arguendo, defendant contractors' argument regarding the nature of plaintiff's work may be raised at this juncture, such work, involving an extensive project for the installation of wiring on four floors of a public high school building, effected a significant physical change and was therefore an "alteration" (see Joblon v Solow, 91 NY2d 457, 465-466 [1998]; Weininger v Hagedorn & Co., 91 NY2d 958, 959-960 [1998]). Although the accident occurred on an entrance ramp used for worker ingress and for bringing in materials, and not where plaintiff's work was actually being conducted, the protection of the statute extends to such area (see Smith v McClier Corp., 22 AD3d 369, 371 [2005]; Whalen v City of New York, 270 AD2d 340, 342 [2000]), and it is not necessary for the offending instrumentality to have been erected for worker use. Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.