■ VICTOR CAMINITO et al., Respondents, v DOUGLASTON DEVELOPMENT, LLC, et al., Appellants. [45 NYS3d 425]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 2, 2015, which, insofar as appealed from as limited by the briefs, upon reargument, denied defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim to the extent it is predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), unanimously affirmed, without costs.

Plaintiff Victor Caminito was employed by nonparty Port Morris as a marble setter. Port Morris was a subcontractor on a 30-story building under construction that was ultimately going to be a condominium with retail space on the first floor.

On the day of the accident, plaintiff spent the morning setting marble in the lobby of the building. After lunch, he was instructed by Paul Signorelli, the project supervisor for the construction site, to clear out a room that was off the lobby, where many of the trades had stored their equipment and materials. This room was variously described as approximately 10 feet by 15 feet or 20 feet by 40 feet and had only one entrance/exit. Both plaintiff and Signorelli testified at their depositions that the material in the room needed to be removed to complete its construction. Signorelli testified that this room was part of the overall building construction project. In the process of removing material stored in it, plaintiff was injured when, while walking backwards with a wheelbarrow, he tripped and fell over a stack of metal studs located on the floor.

The motion court properly denied defendants' motion to dismiss the Labor Law § 241 (6) claim. That statute imposes on owners and contractors a nondelegable duty to "provide reasonable and adequate protection and safety for workers and

to comply with the specific safety rules and regulations" contained in the New York State Industrial Code (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993] [internal quotation marks omitted]; *see also Misicki v Caradonna*, 12 NY3d 511, 515 [2009]).

To the extent plaintiff's claim was predicated on Industrial Code (12 NYCRR) § 23-1.7 (e) (2), the court properly found that there is an issue of fact as to whether the studs were scattered in plaintiff's work area. That section provides, in pertinent part, that work areas "shall be kept free from accumulations of dirt and debris and from scattered tools and materials" (*id.*; *Militello v 45 W. 36th St. Realty Corp.*, 15 AD3d 158, 160 [1st Dept 2005]).

Here, although defendants contend that the room where the accident occurred was a storage room and thus not a work area as defined by the statute (*see Dacchille v Metropolitan Life Ins. Co.*, 262 AD2d 149 [1st Dept 1999]; *Conway v Beth Israel Med. Ctr.*, 262 AD2d 345, 346 [2d Dept 1999]), the testimony of both plaintiff and Signorelli clearly stated that construction was going to take place in that room. Indeed, the purpose of removing the material stored in that room was to enable the construction work to take place. Although plaintiff was not actually performing his job as a marble setter at the time of the accident, under these circumstances his activities bring him within the ambit of the statute (*see Gherardi v City of New York*, 49 AD3d 280 [1st Dept 2008]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.