Armental v 401 Park Ave. S. Assoc., LLC (2020 NY Slip Op 02154)





Armental v 401 Park Ave. S. Assoc., LLC


2020 NY Slip Op 02154


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11170 151083/15

[*1]Domingo Armental, Jr., Plaintiff-Appellant, Joy Armental, Plaintiff,
v
401 Park Avenue South Associates, LLC, et al., Defendants-Respondents. United Alliance Enterprises, LLC, Third-Party Plaintiff-Respondent, Alliance Building Systems, LLC, doing business as Elite Glass,Third-Party Defendant-Respondent.


Marshall S. Bluth, New York, for appellant.
Cozen O'Connor, New York (William K. Kirrane of counsel), for 401 Park Avenue South Associates, LLC, Meringoff Properties, Inc., WeWork Companies, Inc., WW 401 Park Avenue South, LLC, Janet Goldman, Catherine Lipkin Schwartz, Peter Schwartz, Margaret Schwartz Salzman, R. Anthony Goldman, Mark Goldman, Edith Charlotte Landau, ELL-401 LLC, The Max Rosenfeld Foundation, Inc., The Max and Morton M. Rosenfeld Foundation, Inc., The Seed Moon Foundation, Inc., I Dream a World Foundation, Inc., John Herring, Paul Herring, Daniel Lehmann, Laura M. Twomey, Michael Rosenfeld, Hal Patterson, Mia Alexander Rosenfeld and Robbyco Holdings, LLC, respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ian Marc Herman of counsel), for United Alliance Enterprises, LLC, respondent.
Lewis Johs Avallone Aviles, LLP, New York (Kevin G. Mescall of counsel), for Independent Mechanical, Inc., respondent.
Law Office of James J. Toomey, New York (James J. Toomey of counsel), for Intel Plumbing and Heating, LLC, respondent.
Cascone & Kluepfel, LLP, Garden City (Beth L. Roggoff Gribbins of counsel), for Alliance Building Systems, LLC, respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 22, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 200 and common-law negligence claims as against defendants United Alliance Enterprises, LLC (UA), Independent Mechanical Inc. (Independent Mechanical), Intel Plumbing and Heating, LLC (Intel Plumbing), and WeWork Companies, Inc. (WeWork), on the Labor Law § 240(1) claim as against all defendants, and on so much of the Labor Law § 241(6) claim as is based on alleged violations of Industrial Code (12 [*2]NYCRR) §§ 23-1.7(e)(1), 23-1.7(e)(2), 23-2.1(a)(1), and 23-2.1(b) as against all defendants, and granted defendants' motions for summary judgment dismissing those claims, unanimously modified, on the law, to deny UA's, Independent Mechanical's, Intel Plumbing's, and WeWork's motions as to the Labor Law § 200 and common-law negligence claims, and to deny the motions of UA, WeWork, and all other defendants joining WeWork's appellate brief other than Meringoff Properties, Inc. (401 Park defendants) as to the Labor Law § 241(6) claim insofar as it is based on alleged violations of Industrial Code §§ 23-1.7(e)(1), 23-1.7(e)(2), and 23-2.1(a)(1), and otherwise affirmed, without costs.
The court correctly dismissed the complaint as against Meringoff Properties, Inc., in light of plaintiff's concession that there is no basis for holding Meringoff liable.
The court correctly dismissed the Labor Law § 240(1) claim, as that statute does not cover a fall allegedly caused by stepping on a pile of unsecured pipes on the floor of a construction site (see Berg v Albany Ladder Co., Inc., 10 NY3d 902 [2008]; Lopez v City of N.Y. Tr. Auth., 21 AD3d 259 [1st Dept 2005]).
The Labor Law § 200 and common-law negligence claims should not be dismissed as against UA, Independent Mechanical, Intel Plumbing, and WeWork. The cause of plaintiff's accident was not the manner in which his work was performed but a dangerous condition on the premises, i.e., the loose pipes that had been laid on the floor directly in front of a doorway (see Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]). Issues of fact exist as to whether UA negligently created the hazardous condition by directing the placement of the pipes and by failing to properly coordinate work on the site (see Maza v University Ave. Dev. Corp., 13 AD3d 65 [1st Dept 2004]). The conflicting testimony about whether the black pipes involved in the accident resembled those used by Independent Mechanical presents issues of fact as to whether that company or Intel Plumbing, which used different types of black pipes on the site, created the hazardous condition (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 68 [1st Dept 2018]). WeWork failed to establish that it lacked actual or constructive notice of the condition (see id.).
The court correctly dismissed the Labor Law § 241(6) claim as against subcontractors Intel Plumbing and Independent Mechanical, which could not be held liable as statutory agents absent evidence that they "controlled the work area or had authority to insist that safety precautions be taken with regard to" the placement of the materials that allegedly caused plaintiff's accident (see Serpe v Eyris Prods., 243 AD2d 375, 380 [1st Dept 1997]).
However, the record does not support the summary dismissal of the Labor Law § 241(6) claim as against the UA and 401 Park defendants. Plaintiff's testimony that his fall was caused by a pile of loose pipes obstructing the doorway presents an issue of fact as to whether the accident was caused by a tripping hazard in a passageway (Industrial Code [12 NYCRR] § 23-1.7[e][1]; see Lois v Flintlock Constr. Servs., LLC, 137 AD3d 446, 447-448 [1st Dept 2016]; McCullough v One Bryant Park, 132 AD3d 491 [1st Dept 2015]). There is also an issue of fact as to whether the accident was caused by a violation of 12 NYCRR 23-1.7(e)(2), since part of the floor where workers worked or passed was not kept free from scattered tools or materials (see Quigley, 168 AD3d at 68). In addition, there is an issue of fact as to whether the unsecured pipes, which were allegedly piled about two feet high directly in front of the doorway, were safely stored pursuant to 12 NYCRR 23-2.1(a)(1) (see id.).
Industrial Code § 23-2.1(b) is insufficiently specific to serve as a predicate for a Labor Law § 241(6) claim (Quinlan v City of New York, 293 AD2d 262, 263 [1st Dept 2002]).
The Court incorrectly dismissed the complaint on the alternative ground that plaintiff was the sole proximate cause of the accident. There are disputed issues of fact, including conflicting testimony about whether plaintiff disregarded limitations on walking through a restricted area at the time of his accident (see e.g. Demetrio v Clune Constr. Co., L.P., 176 AD3d 621 [1st Dept 2019]).
The issues raised by the 401 Park defendants concerning contractual indemnification and the third-party complaint are not properly before this Court, since they are unrelated to the issues [*3]raised by plaintiff, the only party that filed a notice of appeal from the order under review (see Taveras v 1149 Webster Realty Corp., 134 AD3d 495, 497 [1st Dept 2015], affd 28 NY3d 958 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK