Ruisech v Structure Tone Inc. (2024 NY Slip Op 05866)

Ruisech v Structure Tone Inc.

2024 NY Slip Op 05866

Decided on November 25, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 25, 2024

No. 104

[*1]Felipe A. Ruisech et al., Appellants,
v
Structure Tone Inc., & c., et al., Respondents. (And Third-Party Actions.)

John E. Lavelle, for appellants.
Allison Snyder, for respondent Structure Tone, Inc.
C. Briggs Johnson, for respondent CBRE, Inc.
Louise M. Cherkis, for respondent Tishman Speyer Properties, L.P. et al.

MEMORANDUM:
The order of the Appellate Division insofar as appealed from should be modified, without costs, in accordance with this memorandum and, as so modified, affirmed.
CPLR 5513 (b) provides that a motion for leave to appeal must be made within 30 days of "the date of service by a party upon the party seeking permission of a copy of the judgment or order to be appealed from and written notice of its entry." Where the Appellate Division has already denied a timely motion for permission to appeal the judgment or order, a subsequent motion for leave to appeal must be made within 30 days of service of "a copy of the . . . order [denying permission] and written notice of its entry" (CPLR 5513 [b]; see also 5514 [a]). We evaluate timeliness for purposes of CPLR 5513 (b) on a party-by-party basis (see Matter of Judge Rotenberg Educ. Ctr. v Maul, 90 NY2d 932, 932 [1997] [dismissing motion for leave to appeal as against some parties but not others]; see also Matter of Judge Rotenberg Educ. Ctr. v Maul, 91 NY2d 298, 300 n 1 [1998] [explaining that the "motion for leave to appeal with regard to (one party) was untimely and was dismissed"]). Thus, an untimely motion must be dismissed as against that party (see CPLR 5513 [b]; 5514 [a]; Matter of Judge Rotenberg Educ. Ctr., 90 NY2d at 932).
To be effective to start CPLR 5513 (b)'s 30-day clock, service must comply with CPLR 2103. CPLR 2103 (b) (7), in turn, empowers the Chief Administrative Judge to authorize electronic service. The Chief Administrative Judge has exercised this authority by promulgating Uniform Rules for Trial Courts (22 NYCRR) § 202.5-b (h) (2), which provides that in actions—such as this one—that are subject to electronic filing, parties may serve "notice of entry of an order" by filing "a copy of the order . . . and written notice of its entry" on its New York State Courts Electronic Filing System (NYSCEF) site, thus causing that site to transmit "notification of receipt of the documents, which shall constitute service thereof by the filer" (see also 22 NYCRR 202.5-bb [a] [1] [making section 202.5-b applicable to all electronic filing cases]). The relevant rules are not limited to service of trial court orders; and they neither prohibit nor render ineffective service of an intermediate appellate court order with notice of its entry by filing on the trial court's NYSCEF docket—as opposed to the NYSCEF docket of the intermediate appellate court (see generally CPLR 2103 [b] [7]; 5513 [b]; 22 NYCRR 202.5-b—202.5-bb). Thus, in an electronic filing case, service via filing on the NYSCEF docket for the trial court is effective to start CPLR 5513 (b)'s 30-day clock.
Here, plaintiffs moved for leave to appeal before this Court 31 days after defendant Structure Tone Inc. (Structure Tone) served plaintiffs by filing on the trial court's NYSCEF docket. Plaintiffs' motion to this Court was therefore untimely as to Structure Tone and, consequently, the portion of the motion to dismiss the appeal as against Structure Tone should be granted (see — NY3d — [2024] [decided today]). However, as to defendants 200 Park, LP (200 Park), Tishman Speyer Properties, L.P. (Tishman), and CBRE, Inc. (CBRE), the motion was timely.
*
*
On their motions for summary judgment, 200 Park and CBRE did not meet their prima facie burden to demonstrate, as a matter of law, entitlement to dismissal of plaintiffs' Labor Law § 241 (6) claims.[FN1] As relevant to these claims, plaintiff testified during depositions that, while attempting to install a 500-pound glass panel into a metal channel cut into the floor of the construction site, he slipped on concrete pebbles—that he believed came from the installation of the metal channel—and sustained injuries to his spine. Plaintiff testified that he was not involved in the creation of the channel or the pebbles. Instead, that work was performed by a separate crew hired by his employer.
First, 200 Park and CBRE failed to demonstrate that the concrete pebbles that allegedly created the slipping hazard were integral to the work, because they did not conclusively show that the pebbles were "inherent to the task at hand, and not . . . avoidable without obstructing the work or imperiling the worker" (Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]). As to the section 241 (6) claims predicated on a violation of Industrial Code § 23-1.7 (d), 200 Park and CBRE did not demonstrate that the concrete pebbles were not a "foreign substance" because, at the time of the alleged injury, the pebbles were "not a component of the [floor] and w[ere] not necessary to the [floor]'s functionality" (id. at 319). Additionally, given plaintiff's deposition testimony that he was injured after slipping on the pebbles, 200 Park and CBRE did not demonstrate that the pebbles did not cause a "slippery condition" within the meaning of that provision (id. at 329). Regarding Industrial Code § 23-1.7 (e) (2), this provision is not limited to "tripping" hazards, but also encompasses "other hazards" that may arise from the described conditions (12 NYCRR 23-1.7 [e]; see [e] [2]). Defendants' remaining arguments as to the inapplicability of subdivision (e) (2) lack merit.[FN2]

Finally, the Appellate Division properly granted 200 Park, Tishman, and CBRE summary judgment dismissing plaintiffs' Labor Law § 200 and common law negligence claims. These parties—an out-of-possession landlord, a building manager, and a tenant not occupying the space during construction, respectively—demonstrated [*2]that they "exercise[d] no supervisory control over the operation" and thus were not liable for any "defect or dangerous condition aris[ing] from the contractor's methods" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). Plaintiffs failed to raise any triable issue of fact in response.
Order insofar as appealed from modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided November 25, 2024

Footnotes

Footnote 1: Plaintiffs did not cross-appeal from Supreme Court's order, which dismissed their Labor Law § 241 (6) claims as against Tishman, and those predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1). Those claims therefore were not before the Appellate Division and are outside the scope of this appeal.

Footnote 2: The Appellate Division erred in concluding that Industrial Code § 23-1.7 (e) (2) was inapplicable because plaintiff's injury did not occur in a "passageway" (208 AD3d 412, 414 [2022]). While subdivision (e) (1) applies to "passageways," subdivision (e) (2) applies to "floors, platforms[,] and similar areas where persons work or pass" (compare 12 NYCRR 23-1.7 [e] [1], with [2]).