**Seligson v Boston Props. L.P.**

2025 NY Slip Op 31721(U)

May 12, 2025

Supreme Court, New York County

Docket Number: Index No. 159755/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

----------------------------------------------------------------------------X

ALFREDO SELIGSON,

Plaintiff,

- v -

BOSTON PROPERTIES LIMITED PARTNERSHIP,
BP/CGCENTER I, LLC, BP/CGCENTER II, LLC, THE 601
LEXINGTON AVENUE CONDOMINIUM

Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 47 |
| INDEX NO. | 159755/2020 |
| MOTION DATE | 10/19/2023, 10/19/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 72, 73, 74, 75, 76, 77, 78, 80, 85, 86, 87

were read on this motion to/for                         JUDGMENT - SUMMARY                         .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 79, 81, 82, 83, 84, 88

were read on this motion to/for                         DISMISS                         .

In this Labor Law personal injury action, plaintiff seeks damages for injuries he allegedly

sustained on October 4, 2018 during the course of his work at 601 Lexington Avenue, New

York, NY (the premises).  Plaintiff alleges that he was moving an A-frame cart when his left foot

came into contact with a stack of marble tiles, which fell on his left leg.

At the time of the accident, Boston Properties Limited Partnership (Boston), BP/CG

Center I (BP I), BP/CG Center II (BP II), and the 601 Lexington Avenue Condominium

(Lexington) owned the premises.  Plaintiff was an employee of Turner Construction Company

(Turner), the general contractor on the construction project (the project) at the premises.

In motion sequence 002, plaintiff moves pursuant to CPLR § 3212 for summary

judgment on his Labor Law §§ 240 (1) and 241 (6) claims.

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 1 of 20**

[* 1]

In motion sequence 003, Defendants move pursuant to CPLR § 3212 for summary judgment dismissing the complaint.

***Plaintiff's Deposition Testimony (NYSCEF Doc. No. 50)***

Plaintiff appeared for a deposition on January 6, 2023. Plaintiff testified that at the time of the subject accident, he was working for Turner, the general contractor on the project (Plaintiff tr. at 34). Plaintiff received his daily work instructions from his foreman, who also worked for Turner (*id.* at 60, 64, 66-67).

Plaintiff testified that on the date of the accident, he had been directed to move materials from the loading docks to the building (*id.* at 78-79). There was only one passageway from the loading docks to the building, and any materials going to and from the building had to pass through it (*id.* at 78-79). Plaintiff testified that the passageway was four to five feet wide and approximately forty to forty-five feet long (*id.* at 86-87). Plaintiff further testified that prior to the accident, he had passed through the passageway approximately twenty to thirty times (*id.* at 84-85). Turner had A-frame carts on the worksite to facilitate moving materials (*id.* at 75).

Plaintiff testified that on the date of the accident he saw marble workers in the passageway and loading dock areas (*id.* at 93). They were working very close to the loading dock and stored marble tiles in the passageway (*id.* at 93). Plaintiff testified that the marble workers would carry their materials, including marble tiles, from the loading dock through the passageway to wherever they were performing marble work in the building (*id.* at 93-94). Plaintiff testified that prior to the accident, he saw the marble workers (who were working in the building lobby) bringing supplies from the loading docks into the building through the passageway (*id.* at 129-132).

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 2 of 20**

2 of 20

[* 2]

Plaintiff testified that the tiles were stored on the loading dock and by the passageway (*id.* at 94). He testified that the tiles were in those areas prior to the accident as part of the marble workers' "stockpile" of supplies (*id.* at 94-95).

Plaintiff testified that the tiles were stacked vertically, approximately four to five feet high (*id* at 122-125), leaning flush against a crate (*id.* at 149-150). Plaintiff described the tiles as "teeter totting up on [the] end" leaning against the crate, "not angled" (*id.* at 149-160). He further testified that the tiles were not leaned at an angle because doing so would damage them (*id.* at 159-160). Plaintiff testified that the stack's position reduced the space available in the passageway (*id.* at 124-125). He further testified that each of the tiles was approximately one inch to an inch-and-a-half thick (*id.* at 133) and weighed thirty to forty pounds (*id.* at 151-152).

Immediately prior to the accident, plaintiff and another worker were moving sound boards into the building using the A-frame cart through the passageway (*id.* at 95-96, 100, 121). Plaintiff was positioned in the back of the cart and the other worker was in the front (*id.* at 126).

Plaintiff testified that as he and his partner were turning the cart to move it into the building, plaintiff's left foot came into contact with the stack of tiles (*id.* at 131-134). The tiles fell on him and "pinned" him down (*id.* at 131, 134, 139-140). He testified that he did not feel himself tripping on anything (*id.* at 135). When the tiles fell upon him, plaintiff was "yanked down" and could not hold onto the cart (*id.* at 137-139).

***Plaintiff's Affidavit (NYSCEF Doc. No. 51)***

Defendants submit an affidavit signed by plaintiff dated October 5, 2018. Plaintiff states that the accident occurred as follows:

> "We started making the turn through the door and I put my left foot back during the turn and I accidentally came in contact with some marble pavers that were leaning against a crate of other pavers. The pavers I kicked the [sic] tipped over and landed on my left leg"

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 3 of 20**

3 of 20

[* 3]

(Plaintiff's Affidavit, lines 10 -12).

### *Deposition Testimony of James Romagnoli, Project Superintendent (NYSCEF Doc. No. 51)*

James Romagnoli appeared for deposition on March 17, 2023. At the time of the accident, he was Turner's project superintendent and an assistant safety manager on the project (Romagnoli tr. at 16-17). He testified that there was a safety program on the project that included daily walkthroughs (*id.* at 17-18, 28). He further testified that Turner had between ten to twenty employees on the project, including laborers that performed daily cleaning (*id.* at 23, 30-31).

Romagnoli testified that his responsibilities included coordinating storage, but not the placement of specific items at specific times (*id.* at 25). He further testified that he was not responsible for the safety of the employees on the project (*id.* at 29). He was responsible for planning the work but did not specifically direct the workers on how to do their jobs (*id.* at 29).

Romagnoli testified that the project used "terrazzo precast tile[s]" that were approximately three feet by two feet (*id.* at 38). These tiles were being installed in the first-floor atrium space (*id.* at 38) and were stored on the floor by the loading dock (*id.* at 50). Romagnoli testified that the tiles were not always stored in the containers they arrived in and had to be "pulled out one by one" (*id.* at 50). He further testified that the tiles had to be "pulled out and staged in some fashion before they got placed on the floor" (*id.* at 50-51). Romagnoli testified that if he saw any unsecured tiles leaning a against a container, he would try to correct the situation in order to makes sure that the tiles did not slide and fall on anyone (*id.* at 51).

Romagnoli testified that Boston Properties did not have any form of oversight over the project (*id.* at 55).

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 4 of 20**

## *PROCEDURAL ISSUES*

Plaintiff moves for summary judgment on his Labor Law § 241 (6) claim based upon defendants' alleged violations of Industrial Code 23-1.7 (e) (1) and (2) (motion seq 002). However, plaintiff's complaint and verified bill of particulars fail to allege a violation of Industrial Code 23-1.7 (e) (1) as a basis for his Labor Law § 241 (6) claim.[1] The preferred procedure for rectifying this failure is for plaintiff to move to amend the verified bill of particulars to include an alleged violation of Industrial Code 23-1.7 (e) (1) (*See, e.g., Marte v Tishman Constr. Corp.,* 223 AD3d 527, 528 [1st Dept 2024]; *Gjeka v Iron Horse Transp., Inc.,* 151 AD3d 463, 464-465 [1st Dept 2017]; *Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 341 [1st Dept 2017]).

Here, although plaintiff has not moved to amend his verified bill of particulars to include a Labor Law § 241 (6) claim based upon an alleged violation of 23-1.7 (e) (1), the claim is supported by the allegations therein, and in his deposition. As such, the claim "entail[s] no new factual allegations, raise[s] no new theories of liability, and has caused no prejudice" (*Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431, 432 [1st Dept 2012] [internal quotation marks and citations omitted]). Further, defendants are not prejudiced because they have presented substantive legal arguments in opposition to plaintiff's motion for summary judgment on his Labor Law § 241 (6) claim based upon defendants' alleged violation of Industrial Code 23-1.7 (e) (1) and in reply to plaintiff's opposition to defendants' motion for summary judgment.

---

[1] Plaintiff specifically argues in his memorandum of law in support of his motion for summary judgment that his verified bill of particulars (NYSCEF Doc. No. 48) included Labor Law § 241 (6) claims based upon alleged violations of Industrial Code 23-1.7 (e) (plaintiff's memorandum of law in support of summary judgment at 8, NYSCEF Doc. No. 47). Upon review, plaintiff's verified bill of particulars only alleges a violation of Industrial Code 23-1.7 (e) (2) and does not allege a violation of Industrial Code 23-1.7 (e) in general nor Industrial Code 23-1.7 (e) (1) in particular.

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 5 of 20**

Therefore, plaintiff's Labor Law § 241 (6) claim based upon an alleged violation of Industrial Code 23-1.7 (e) (1) will be considered on its merits.

## *DISCUSSION*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 6 of 20**

6 of 20

[* 6]

### *Plaintiff's Labor Law § 240 (1) claim*

Plaintiff moves for summary judgment on his Labor Law § 240 (1) claim (motion seq 002). Defendants oppose and move for summary judgment dismissing the claim (motion seq 003).

Labor Law § 240 (1), known as the Scaffold Law, provides as relevant:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Labor Law § 240 (1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022] [internal quotation marks and citations omitted]). It "'was designed to prevent those types of accidents in which the . . . protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found in section 240 "is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*O'Brien v Port Auth. of N.Y. & N.J.,* 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Therefore, section 240 (1) "does not cover the type of ordinary and usual peril to which a worker is commonly exposed at a construction site" (*Buckley v Columbia Grammar &*

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 7 of 20**

*Preparatory*, 44 AD3d 263, 267 [1st Dept 2007]). In order to prevail on a Labor Law § 240(1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

An object may constitute a gravity related risk for Labor Law purposes even where the object's base is on the same level as the plaintiff.

> "Whether a plaintiff is entitled to recovery under Labor Law § 240 (1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies. The single decisive question in this connection is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential. This single decisive question centers around a core premise: that a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability Additionally, in a 'falling object' case, the plaintiff must establish that, at the time the object fell, it was being hoisted or secured, or required securing for the purposes of the undertaking."

(*Rivas v Seward Park Hous. Corp.*, 219 AD3d 59, 63-64 [1st Dept 2023], quoting *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.,* 18 NY3d 1, 7, 18 [2011]). Further, the elevation differential between an object and a plaintiff is not de minimus where the weight of the object could generate a significant amount of force as it falls upon a plaintiff (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009]; *Kuylen v KPP 107th St.*, LLC, 203 AD3d 465, 465 [1st Dept 2022] [internal citations omitted]).

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240 (1) claim because the unsecured stack of tiles constituted a gravity related risk and was a proximate cause of the accident. Defendants argue that plaintiff's accident does not fall within the scope of Labor Law § 240 (1) because the tiles fell due to plaintiff kicking them and not as a result of a physically significant elevation differential.

**159755/2020  SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 8 of 20**

[* 8]

8 of 20

Here, plaintiff established prima facie that defendants violated Labor Law § 240 (1). Specifically, plaintiff established that the unsecured stack of tiles constituted a gravity related risk and was a proximate cause of the accident. Plaintiff testified that the unsecured tiles fell on him and "pinned" him to the ground (Plaintiff tr. at 131, 134, 139-140). He further testified that the stack was approximately four to five feet high and that each of the tiles weighed approximately thirty to forty pounds (*id.* at 122-125, 159-160). Plaintiff described the tiles as "teeter totting up on end" leaning against a crate (*id.* at 149-160). Romagnoli also testified that unsecured tiles leaning against containers could slide and fall (Romagnoli tr. at 50-51).

Defendants failed to create an issue of fact as to whether plaintiff's "kicking" the unsecured stack of tiles was the sole proximate cause of the underlying accident. Labor Law § 240 (1) applies when an accident occurs due to a combination of proximate causes, one of which is a gravity related risk (*See Hovorka v Applied Prods. Co., Inc.*, 199 AD3d 520, 521 [1st 2021] [Labor Law § 240 (1) "applies to situations where a slippery surface combined with an elevation hazard proximately causes a plaintiff's injury"]; *Moore v URS Corp.*, 209 AD3d 438, 439 [1st Dept 2022] [Defendants could not establish that plaintiff was not exposed to gravity related risk where he was working with a pile of plywood sheets, tripped on debris and one of the plywood sheet fell on top of him]; *Landi v SDS William St., LLC,* 146 AD3d 33, 38 [1st Dept 2016] [Defendant violated Labor Law § 240 (1) where plaintiff's accident was proximately caused by the combination of a slipping condition and a slope]).

Here, the unsecured stack of tiles constituted both a tripping hazard and a gravity related risk. Defendants' failure to secure the stack and plaintiff's tripping over it were both proximate causes of the accident. In other words, had the stack been properly secured, it would not have

159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.
Motion No.  002 003

Page 9 of 20

fallen on plaintiff when his foot came into contact with it. As such, the underlying accident was caused by a combination of a tripping hazard and a gravity related risk.

Nor was the "trip" the sole proximate cause of plaintiff's accident because a Labor Law § 240 (1) violation can be a combination of both proximate causes of an accident. Defendants cite *Carrera v Westchester Triangle Hous. Dev. Fund Corp.*, 116 AD3d 585, 585 [1st Dept 2014], in support of their argument that plaintiff's foot coming into contact with the stack was the sole proximate cause of the accident and not any gravity related risk posed by the stack of tiles, itself. However, the facts in *Carrera* are distinguishable from the facts in in the instant action.

In *Carrera*, a worker was carrying a pipe with a partner, when the worker tripped and lost his ability to support the pipe. This caused his partner to drop the pipe, which "jumped" and hit the worker (*Carrera* at 585). The Court held that this accident did not fall within the scope of Labor Law § 240 (1) because it was not "the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*id.*, quoting *Runner*).

In the instant action, plaintiff's accident was the direct consequence of defendants' failure to provide adequate protection from a gravity related risk. Specifically, that the stack of tiles was unsecured, creating a gravity related risk, and defendants' failure to properly secure the stack proximately caused it to fall when kicked. Nothing in the record suggests that plaintiff was injured due solely to his foot making contact with the stack or that that he sustained his injuries independent of the tiles falling upon him.

Accordingly, the part of plaintiff's motion seeking summary judgment on his Labor Law § 240 (1) claim will be granted, and the part of defendants' motion for summary judgment seeking dismissal of this claim will be denied.

159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.
Motion No.  002 003

Page 10 of 20

*Plaintiff's Labor Law § 241 (6) claim*

Defendants move for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim (motion seq 003). Plaintiff opposes and moves for summary judgment on this claim (motion seq 002).

"Labor Law § 241(6) imposes a non-delegable duty on owners and contractors to provide reasonable and adequate protection and safety" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 93 [2022] [internal citations omitted]) "to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2d Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id.*). "[A]n owner or general contractor is vicariously liable without regard to their fault, and even in the absence of control or supervision of the worksite, where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 317 [2024] [internal quotation marks and citations omitted]). "The Code regulation must constitute a specific, positive command, not one that merely reiterate[s] the common-law standard of negligence" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 271 [1st Dept 2007], *lv denied* 10 NY3d 710 [2008]).

Plaintiff bases his Labor Law § 241 (6) claim on defendants' alleged violations of Industrial Code §§ 23-1.7 (e) (1), (2) and 23-2.1 (a) (1). Therefore, plaintiff abandoned any remaining provisions of the Industrial Code cited in his bill of particulars (*Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 11 of 20**

find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was

not violated be deemed to abandon reliance on that particular Industrial Code section."]).

*Industrial Code 23-1.7 (e) (1)*

Industrial Code 23-1.7 (e) (1) is sufficiently specific to form a basis for liability pursuant

to Labor Law § 241 (6) (*Coon v WFP Tower B Co. L.P.*, 220 AD3d 407, 407-408 [1st Dept

2023]) and reads as follows:

"Protection from general hazards

(e) Tripping and other hazards.

> (1) Passageways. All passageways shall be kept free from accumulations
> of dirt and debris and from any other obstructions or conditions which
> could cause tripping. Sharp projections which could cut or puncture any
> person shall be removed or covered."

Plaintiff argues that defendants violated Industrial Code 23-1.7 (e) (1) by permitting the

stack of tiles to be inadequately stored in the passageway, and this was the proximate cause of

his accident. In opposition, defendants argue that the stack of tiles did not constitute

"accumulations of dirt and debris" or any other condition that could cause tripping. They further

argue that the tiles were integral to the work being performed and that plaintiff did not trip, but

"kicked" the stack immediately prior to the accident.[2]

---

[2] Defendants argue that the tiles were an integral part of the work being performed only in opposition to plaintiff's Labor Law § 241 (6) claim based upon a violation of Industrial Code § 23-2.1(a) (motion seq 002) and in support of their motion to dismiss the same claim (motion seq 003). However, this defense is applicable to Industrial Code 23-1.7 (e) (1) & (2) (*See Krzyzanowski v City of New York,* 179 AD3d 479, 480 [1st Dept 2020]). Further, Defendants only cite to cases wherein the "integral to the work" defense was applied to Labor Law § 241 (6) claims based upon alleged violations of Industrial Code 23-1.7 (e) (Defendant's memorandum of law in opposition to plaintiff's motion for summary judgment at 17, NYSCEF Doc. No. 71, citing *O'Sullivan v IDI Construction Company, Inc.,* 28 AD3d 225 [1st Dept 2006], aff'd 7NY3d 805 [2006]; *Ryder v Mount Loretto Nursing Home Inc.*, 290 AD2d 892 [3d Dept 2002]; *Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1st Dept 1998]; *Dubin v S. DiFazio and Sons Construction, Inc.*, 34 AD3d 626 [2d Dept 2006]; *Verel v Freguson Electric Construction Company, Inc.*, 41 AD3d 1154 [4th Dept 2007]). As such, defendants' argument on this point will be considered as it applies to plaintiff's Labor Law § 241 (6) claim based upon defendants' alleged violations of to Industrial Code 23-1.7 (e) (1) & (2).

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**   **Page 12 of 20**
**Motion No.  002 003**

Here, plaintiff established prima facie that defendants violated Industrial Code 23-1.7 (e) (1) and that the violation was a proximate cause of his accident. It is undisputed that the accident occurred when plaintiff's foot came into contact with the stack of tiles stored in a passageway.[3] Further, by its plain language, Industrial Code 23-1.7 (e) (1) applies to "any . . . obstructions or conditions which could cause tripping." As such, the stack of tiles falls within the scope of Industrial Code 23-1.7 (e) (1) as an obstruction or condition that could cause tripping (*see Armental v 401 Park Ave. S. Assoc., LLC,* 182 AD3d 405, 407 [1st Dept 2020] [Defendant not entitled to dismissal of Labor Law § 241 (6) claim based upon alleged violation of Industrial Code 23-1.7 (e) (1) where plaintiff testified that his fall was caused by a pile of loose pipes obstructing the doorway]).

Defendants failed to raise an issue of fact in opposition to the motion. They do not cite any statutes or caselaw distinguishing a "kick" from a trip in determining whether Industrial Code 23-1.7 (e) is applicable to an accident. Plaintiff's statement in his affidavit that "[t]he pavers I kicked the [sic] tipped over and landed on my left leg" (Plaintiff affidavit at 12, NYSCEF Doc. No. 70) is entirely consistent with his testimony that the accident occurred due to his foot coming into contact with the stack in the passageway, and Industrial Code 23-1.7 (e) (1) applies to accidents involving plaintiffs "kicking" an object or obstruction.

In addition, the stack of tiles was not integral to the work being performed in the area of the accident. In *Bazdaric v Almah Partners LLC*, 41 NY3d 310, 320 [2024], the Court of Appeals noted that the "integral to the work" defense "applies only when the dangerous condition is inherent to the task at hand, and not . . . when a defendant or third party's negligence created a danger that was avoidable without obstructing the work or imperiling the worker" (*id.*

---

[3] Defendants do not argue in opposition to plaintiff's motion (motion seq 002) that Industrial Code 23-1.7 (e) (1) is inapplicable based upon the location of the plaintiff's accident, i.e., that the accident did not occur in a passageway.

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 13 of 20**

at 320).  "The doctrine thus recognizes that certain work assignments are, by their nature, dangerous but still permissible, and the particular commands of the Industrial Code may not apply if they would make it impossible to conduct the work" (*id.* at 321).

In *Ruisech v Structure Tone Inc.*, 2024 NY Slip Op 05866, 1 [SC NY Co 2024] (*modfg Ruisech v Structure Tone Inc.*, 208 AD3d 412 [1st Dept 2022]), the Court of Appeals reiterated the standard for the integral to the work defense in restoring a Labor Law § 241 (6) claim based upon an alleged violation of Industrial Code 23-1.7 (e).  There, a worker was injured while installing a glass panel into a metal channel cut into the floor of a construction site.  The worker slipped on concrete pebbles that he believed came from the installation of the metal channel.  He testified that he was not involved in the creation of the channel nor the pebbles.  The court determined that the inherent to the work defense was not applicable, as defendants failed to demonstrate that the pebbles were "inherent to the task at hand, and not avoidable without obstructing the work or imperiling the worker (*Ruisech* at 1, quoting *Bazdaric*).

The First Department has also limited the integral to the work defense in accordance with the Court of Appeals determination *Bazdaric* (*see Lourenco v City of New York*, 228 AD3d 577, 580-581 [1st Dept 2024] [where plaintiff slipped on a piece of plastic that was being used to cover rock that had been the product of demolition work, the integral to the work defense did not apply as the "'task at hand' did not involve demolition" and "[t]here is nothing in the record to indicate that defendant could not simultaneously conduct the work and comply with the commands of section 23-1.7 (e) (1) and (2)"]; *Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC*, 227 AD3d 502, 503 [1st Dept 2024] [the integral to the work defense was not applicable since "while the presence of the electrical conduit piping was a 'dangerous condition' 'inherent to the task at hand,' the risk of tripping over the conduit was an 'avoidable dangerous condition'

159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.                    Page 14 of 20
Motion No.  002 003

14 of 20

for which defendants could have utilized preventative   measures that would not have made it impossible to complete the work]).

Here, plaintiff was not working with the tiles at the time of the accident, nor at any other point in the project.  He specifically testified that he was using the A-frame cart to move sound boards at the time of the accident (Plaintiff tr. at 95-96, 100).  He further testified that the marble workers were working inside the lobby of the building and stored the marble tiles by the loading dock and in the passageway (Plaintiff tr. at 93-94; 129-132).  Romagnoli also confirmed this (*id.* at 38, 50).  The record establishes that plaintiff's accident did not occur inside the building (where the marble tiles were being installed), but in the passageway.  Furthermore, there is no evidence to suggest that the tiles were being installed in the passageway at the time of the accident or that they were being stacked there for the purpose of installing them in the passageway.  As such, the stack of tiles was not "inherent to the task at hand" (*Bazdaric* at 320).

In addition, nothing in the record suggests that it would have been impossible to install the marble tiles and/or move them into the building for installation without placing them in this specific location in the passageway.

Therefore, plaintiff may predicate his Labor Law § 241 (6) claim on defendants' violation of Industrial Code 23-1.7 (e) (1).

*Industrial Code 23-1.7 (e) (2)*

Industrial Code 23-1.7 (e) (2) is sufficiently specific to form a basis for liability pursuant to Labor Law § 241 (6) (*See Sternkopf v 395 Hudson N.Y., LLC,* 227 AD3d 579, 581 [1st Dept 2024]) and reads as follows:

"Protection from general hazards

(e) Tripping and other hazards.

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 15 of 20**

15 of 20

[* 15]

(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 241 (6) claim based upon defendants' alleged violation of Industrial Code 23-1.7 (e) (2).  He argues that the accident falls within the scope of Industrial Code 23-1.7 (e) (2) as the stack of tiles constituted "materials" and the accident occurred in "an area where persons work or pass" (Industrial Code 23-1.7 (e) (2)). Defendants argue that Industrial Code 23-1.7 (e) (2) does not apply, as the stack of tiles did not constitute "accumulations of dirt and debris," "scattered tools and materials," or "sharp projections".[4]

Industrial Code 23-1.7 (e) (2) specifically applies to "areas where persons work or pass" (*see Lester v JD Carlisle Dev. Corp.,* 156 AD3d 577, 578 [1st Dept 2017]) and requires that those areas be "kept free . . . from scattered tools and materials . . . insofar as may be consistent with the work being performed."  These include "stacks" or "piles" of materials (*see, e.g., Armental v 401 Park Ave. S. Assoc., LLC,* 182 AD3d 405, 407 [1st Dept 2020] [issue of fact as to whether defendants violated Industrial Code 23-1.7 (e) (2) where plaintiff's accident was caused by "a pile of loose pipes" obstructing the doorway]; *Caminito v Douglaston Dev., LLC*, 146 AD3d 597, 598 [1st Dept 2017] [issue of fact as to whether defendants violated Industrial Code 23-1.7 (e) (2) where plaintiff tripped over a "stack of metal studs"]).  However, a pile of materials is not "scattered" where it is "'consistent with' the work being done in the room [where the accident occurred]" (*See Burkoski v Structure Tone, Inc.,* 40 AD3d 378, 383 [1st Dept 2007]; *see also Brown v Tishman Constr. Corp. of N.Y.,* 226 AD3d 529, 530 [1st Dept 2024] [rebar did

---

[4] Defendants do not argue in support of their motion for summary judgment (mot sequence 003) nor in opposition to plaintiff's motion (motion seq 002) that Industrial Code 23-1.7 (e) (2) is inapplicable based upon the location of the plaintiff's accident, i.e., that the accident did not occur in a work area.

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 16 of 20**

16 of 20

not constitute "debris" where it was in the process of being installed in the specific location of the accident]).

Here, plaintiff established prima facie that defendants violated Industrial Code 23-1.7 (e) (2) and that the violation was a proximate cause of his accident. Plaintiff testified that workers passed through the passageway in order to move materials from the loading dock into the building (Plaintiff tr. at 78-79, 93-94). He further testified that the stack reduced the space available in the passageway (*id.* at 124-125). Nothing in the record suggests that the tiles were going to be installed in the passageway. As such, the stack of tiles is a hazard that falls within the scope of Industrial Code 23-1.7 (e) (2).

For the reasons previously stated, defendants also failed to raise an issue of fact as to whether the tiles were integral to the work being done at the time of the accident.

Therefore, plaintiff may predicate his Labor Law § 241 (6) claim on defendants' violation of Industrial Code 23-1.7 (e) (2).

*Industrial Code 23-2.1 (a) (1)*

Industrial Code 23-2.1 (a) (1) is sufficiently specific to form a basis for liability pursuant to Labor Law § 241 (6) (*See Castaldo v. F.J. Sciame Constr. Co. Inc.,* 222 AD3d 579, 579 [1st Dept 2023]) and reads as follows:

"Maintenance and housekeeping

(1) All building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare."

Plaintiff argues that defendants violated Industrial 23-2.1 (a) (1) by improperly storing the tiles in the passageway and that this method of storing was a proximate cause of the accident. Defendants argue that the tiles were properly stored and that the accident does not fall within the

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 17 of 20**

17 of 20

scope of Industrial 23-2.1 (a) (1) because the tiles were integral to the work being performed on the project.

Here, plaintiff established prima facie that defendants violated Industrial Code 23-2.1 (a) (1) by failing to place the stack of tiles so that it did "not obstruct any passageway, walkway, stairway or other thoroughfare" and that said failure was a proximate cause of his accident. Plaintiff testified that the stack of tiles reduced the space available in the passageway (Plaintiff tr. at 124-125) and that his accident occurred as he was trying to move the A-frame cart through the passageway (*id.* at 95-96, 100).

In opposition, defendants failed to cite to any statutes or caselaw applying the "integral to the work" defense to alleged violations of Industrial Code 23-2.1 (a) (1). Even assuming, arguendo, that the integral to the work defense was applicable to alleged violations of Industrial Code 23-2.1 (a) (1), as previously stated, the tiles were not integral to the work being performed at the time of plaintiff's accident.

Therefore, plaintiff may predicate his Labor Law § 241 (6) claim on defendants' violation of Industrial Code 23-2.1 (a) (1).

Accordingly, the part of plaintiff's motion seeking summary judgment on his Labor Law § 241 (6) claim will be granted to the extent that it is predicated on Industrial Code Sections 23-1.7 (e) (1), (2) and 23-2.1 (a) (1) (motion sequence 002).

***Plaintiff's Labor Law § 200 and common law negligence claims***

"Labor Law § 200(1) codifies the common-law duty [of an owner or general contractor] to maintain a safe workplace" (*Toussaint v Port Auth. of New York and New Jersey*, 38 NY3d 89, 94 [2022]). "Claims under Labor Law § 200 and the common law fall under two categories: 'those arising from an alleged defect or dangerous condition existing on the premises and those

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 18 of 20**

[* 18]

18 of 20

arising from the manner in which the work was performed'" (*Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1st Dept 2022], quoting *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.*). On the other hand, "where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*id.* [internal citations omitted]).

Here, plaintiff's accident arose from the manner in which the work was performed. Specifically, the accident occurred due to the way the tiles were arranged in a stack in the passageway. Defendants established prima facie that they did not exercise the requisite control over plaintiff's work to be held liable under Labor Law § 200 or at common law. Romagnoli testified that he was not responsible for the specific placement of materials on the jobsite, nor did he specifically direct workers on how to do their jobs (Romagnoli tr. at 25, 29).

Consequently, there is nothing from the record to suggest that any of the defendants exercised the requisite control over the placement of the tiles in order to be liable under Labor Law § 200 or at common law. Further, plaintiff does not oppose Defendants' motion to dismiss his Labor Law § 200 and common law negligence claims.

Accordingly, the part of defendants' motion for summary judgment seeking dismissal of plaintiff's Labor Law § 200 and common law negligence claims will be granted.

**CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 19 of 20**

[* 19]

19 of 20

**ORDERED** that within ten days of entry of this order, plaintiff Alfredo Seligson shall file on NYSCEF an amended bill of particulars which includes his allegation of a violation of 23-1.7 (e) (1), and same shall be deemed served when so filed; and it is further

**ORDERED** that plaintiff's motion for summary judgment is granted on his Labor Law § 240 (1) claim and on his Labor Law § 241 (6) claim to the extent it is predicated on Industrial Code Sections 23-1.7 (e) (1), (2) and 23-2.1 (a) (1) (motion sequence 002); and it is further

**ORDERED** that defendants' motion for summary judgment seeking to dismiss the complaint (motion sequence 003) is granted to the extent that plaintiff's Labor Law § 200 and common law negligence claims are hereby dismissed, and the motion is otherwise denied.

20250512170418PGOETZD2FP860AC45C4CA5946EC2ED0CD070EE

| 4512/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159755/2020   SELIGSON, ALFREDO vs. BOSTON PROPERTIES, INC.**
**Motion No.  002 003**

**Page 20 of 20**

[* 20]